# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAMES J. MATHIEU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 19-CV-0262-CVE-JFJ |
| | ) |
| AUSTIN BROWN, Oklahoma State Highway | ) |
| Patrol/Officer; ROGERS COUNTY COURT | ) |
| CLERK OFFICE; and MARK SCHANTZ, | ) |
| Rogers County Defense Attorney, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

On May 6, 2019, plaintiff James J. Mathieu filed a pro se complaint (Dkt. # 2), and a motion to proceed in forma pauperis (Dkt. # 1). In reliance upon the representations and information set forth in plaintiff's motion for leave to proceed in forma pauperis, the Court finds that the motion should be granted. Plaintiff is permitted to file and maintain this action to conclusion without prepayment of fees and costs. 28 U.S.C. § 1915(a). However, because authorization to proceed in forma pauperis only excuses prepayment of the fee, plaintiff remains obligated to pay the full $350 filing fee when he is able to do so. See Brown v. Eppler, 725 F.3d 1221, 1230-31 (10th Cir. 2013) (noting that obligation to pay full amount of filing fee extends to all litigants who proceed in forma pauperis because "all § 1915(a) does for a litigant is excuse *pre*-payment of fees" (quoting Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997))). However, for the reasons discussed below, the Court finds that the complaint should be dismissed for lack of subject-matter jurisdiction.

## I.

Plaintiff alleges that he was resting on Interstate 44 when defendant Oklahoma State highway patrol officer Austin Brown approached plaintiff's vehicle and began to question plaintiff. Dkt. #

2, at 10.  Plaintiff alleges that when he did not engage with Officer Brown, Officer Brown continued to probe plaintiff, causing a forced detention or de facto arrest.  Id.  Plaintiff alleges that when "his probing was becoming unreasonable," Officer Brown shattered the glass of plaintiff's driver's side window.  Id.  Officer Brown then ordered plaintiff out of the vehicle and handcuffed him.  Id.  Plaintiff alleges that he asked Officer Brown why he was being arrested, and Officer Brown responded, "I gotta tell the judge why I broke your window."  Id.

Following this encounter, plaintiff was charged with three misdemeanors in Rogers County Case No. CM-2018-1263.[1]  On December 10, 2018, plaintiff was appointed defendant Mark Schantz as his defense attorney.  Id. at 11.  Plaintiff alleges that he asked Schantz about Alford pleas, and Schantz responded that he does not "know anything about the Alford plea."  Id.  Plaintiff pleaded guilty to the three misdemeanors pursuant to an Alford plea.  For each conviction, plaintiff was "[s]entenced to a term of 1 year in the Rogers County Jail with all suspended, under the custody and control of the Rogers County Jail pursuant to the rules and conditions of probation entered by the court under statutory and/or Court-imposed rules of probation," with each term running concurrently to the other.  Plaintiff then filed a motion to withdraw his guilty pleas.  Id.  According to the docket in Rogers County Case No. CM-2018-1263, the state court issued an order on December 18, 2018 setting a hearing on plaintiff's motion for January 9, 2019.  Plaintiff alleges that on the evening of January 8, 2019, Schantz called plaintiff to inform him that the hearing was scheduled for January 9, 2019, and that defendant Rogers County Court Clerk Office had mailed notice of the hearing to plaintiff.  Id.  On January 9, 2019, plaintiff called Rogers County Court Clerk Office to seek

---

[1] The Court takes judicial notice of the state court's docket in Rogers County Case No. CM-2018-1263.

evidence of this mailed notice. Id. Plaintiff alleges that, even though he had provided his mailing address in his motion to withdraw his plea, the clerk informed him that the Rogers County Court Clerk Office had mailed plaintiff's notice to "Texas DPS." Id. at 11-12.

According to the docket in the state court proceeding, the State of Oklahoma moved to revoke plaintiff's suspended sentence on January 22, 2019 after plaintiff failed to sign up for probation. The state court granted the motion to revoke the suspended sentence, and issued a warrant for plaintiff's arrest.

## II.

The Court addresses plaintiff's complaint sua sponte because "[f]ederal courts 'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party,' and thus a court may sua sponte raise the question of whether there is subject matter jurisdiction 'at any stage in the litigation.'" 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 501 (2006)); see FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). Moreover, when a district court authorizes a plaintiff in a civil action to proceed in forma pauperis, the court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff initiated this action by filing a civil complaint. Dkt. # 2. Plaintiff's civil complaint alleges that defendants deprived plaintiff of his rights under the Fourth, Fifth, and Sixth

Amendments of the U.S. Constitution.² Id. at 2. Plaintiff seeks "[a]ll damages: economically, financially, socially." Id. at 6.

Section 1983 of Title 42 of the United States Code provides individuals with a cause of action to sue state actors for violating his or her constitutional rights. In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that

> in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

Id. Plaintiff does not allege that his state court conviction has been reversed, expunged, declared invalid, or called into question by a writ of habeas corpus; accordingly, the state court conviction remains valid at this time. Further, plaintiff is challenging the constitutional validity of his arrest; therefore, he is also challenging the constitutional validity of the conviction resulting from that arrest. If plaintiff were to prevail in the present case and be awarded the requested money damages, this Court would be required to find that plaintiff was arrested in violation of his Fourth Amendment rights. In effect, the state court conviction resulting from the unconstitutional arrest would be rendered invalid. Accordingly, the Court finds that plaintiff's claim for damages bearing relationship to his valid state court conviction is not cognizable under § 1983.

---

² Plaintiff alleges in his complaint that the following constitutional rights have been violated: "Article the 6th - Amendment IV," "Article the 7th - Amendment V," and "Article the 8th - Amendment VI." Dkt. # 2, at 2.

In any case, the Supreme Court has held that "a prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement. . . . He must seek federal habeas corpus relief (or appropriate state relief) instead." Wilkinson v. Dotson, 544 U.S. 74, 78 (2005). Although plaintiff is not physically confined at this time, nor was he physically confined when he filed his complaint, the Supreme Court has held that a prisoner need not be physically confined in order to be "in custody" for the purposes of the federal habeas statute, 28 U.S.C. § 2254. Maleng v. Cook, 490 U.S. 488, 491 (1989). For example, a prisoner who has been conditionally released from physical confinement under an unexpired sentence is still "in custody." Jones v. Cunningham, 371 U.S. 236, 242 (1963). Here, plaintiff was sentenced to a term of one year in the Rogers County Jail; however, plaintiff was released from physical confinement "pursuant to the rules and conditions of probation entered by the court under statutory and/or Court-imposed rules of probation," and he remains "under the custody and control of the Rogers County Jail." Therefore, plaintiff's physical release was not unconditional. In fact, because plaintiff violated the conditions of his release, the state court issued an order revoking the suspended sentence. Moreover, because plaintiff was sentenced on December 10, 2018, his sentence is unexpired. Therefore, the Court finds that plaintiff was "in custody" at the time he filed his complaint, and remains "in custody" at this time. Accordingly, the Court finds that, because plaintiff is a prisoner in state custody, he cannot use a § 1983 action to challenge the fact of his confinement. Rather, plaintiff's exclusive federal remedy is to file a petition for habeas relief pursuant to § 2254.

Even if plaintiff had sought to challenge his conviction by filing a petition for habeas relief, plaintiff's claims would still be barred. Habeas corpus actions require a petitioner fully to exhaust state remedies. Wilkinson, 544 U.S. at 79. Here, plaintiff has not appealed his state court

5

conviction; therefore, he has not exhausted his state court remedies and habeas relief is unavailable to him at this time. Accordingly, plaintiff's proper course of action at this time is not to pursue remedies in federal court, but to exhaust his state court remedies by filing an application for appeal out of time or an application for post-conviction relief in state court.

Accordingly, the Court finds that it lacks subject-matter jurisdiction to hear plaintiff's claims, and plaintiff's complaint should be dismissed.

**IT IS THEREFORE ORDERED** that plaintiff's motion to proceed in forma pauperis (Dkt. # 2) is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's complaint (Dkt. # 2) is **dismissed** for lack of subject-matter jurisdiction.

**DATED** this 23rd day of May, 2019.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE